UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.3
Eastern Division

Ashley Vela

         Plaintiff,

v.                   Case No.: 1:21–cv–00703
                    Honorable Steven C. Seeger

ITX Healthcare, LLC

         Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, February 9, 2021:

  MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the complaint, which advances a claim under the Fair Debt Collection Practices Act. Plaintiff basically alleges that she incurred a debt (apparently owed to Northwestern Medicine) that she could not pay, and the debt went into default. Defendant ITX Healthcare, a debt collector, later sent her a collection letter. The letter disclosed that ITX Healthcare was attempting to collect a debt, and that it had "received [her] account from Northwestern Medicine." See Cplt., at para. 17 (Dckt. No. 1–1, at 7 of 13). Plaintiff "believed that ITx Healthcare was a medical provider," and that it was "attempting to collect a medical debt from her that it owned." The Court has serious questions about whether Plaintiff has suffered an injury in fact and thus has standing under the Seventh Circuit's recent case law. See, e.g., Nettles v. Midland Funding LLC, 2020 WL 7488610 (7th Cir. 2020) (addressing standing under the FDCPA); Bazile v. Fin. Sys. of Green Bay, Inc., 2020 WL 7351092 (7th Cir. 2020) (same); Spuhler v. State Collection Service, Inc., 2020 WL 7351098 (7th Cir. 2020) (same); Brunett v. Convergent Outsourcing, Inc., 982 F.3d 1067 (7th Cir. 2020) (same); Gunn v. Thrasher, Buschmann & Voelkel, PC, 982 F.3d 1069 (7th Cir. 2020) (same); Larkin v. Fin. Sys. of Green Bay, Inc., 982 F.3d 1060 (7th Cir. 2020) (same). It is unclear how, exactly, Plaintiff allegedly suffered an injury in fact. The complaint alleges that Plaintiff received a letter, and that an "unsophisticated consumer would believe the Letter was attempting to collect a debt owned by ITx Healthcare." But in reality, the "current creditor of the alleged debt is not ITx Healthcare." So the theory seems to be that the letter suggested that ITx Healthcare was the creditor, but in reality, it was not the creditor. Even so, it does not appear that Plaintiff acted on the letter to her detriment in any way. She does not allege that she paid a debt that was not owed, or paid a debt prematurely, or did anything else that caused an injury. Maybe Plaintiff was confused, but confusion doesn't count. In particular, in Brunett, the Seventh Circuit held that "the state of confusion is not itself an injury." See Brunett, 982 F.3d at 1068. Confusion is a part of life; it is not an injury in fact. "If it were, then everyone would have standing to litigate about everything." Id. The fact that "[Plaintiff's] confusion led [him] to hire a lawyer does not change the evaluation." Id.; see also id. ("A desire to obtain legal advice is not a reason for universal standing."). Simply put, "[t]alk is cheap, but where's the concrete harm?" Id. By February 24, 2021, Plaintiff must file a statement and show cause why the case should not be dismissed for lack of standing. A failure to comply may

lead to dismissal. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.