IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY VELA, on behalf of herself and a class, | ) ) ) |
| PLAINTIFF, | ) ) Case No. 21-cv-703 |
| v. | ) ) Hon. Steven C. Seeger |
| ITX HEALTHCARE, LLC, | ) ) ) |
| DEFENDANT. | ) |

**PLAINTIFF'S MOTION TO VACATE ORDER OF FEBRUARY 9, 2021**

Plaintiff Ashley Vela moves this Court to vacate its February 9, 2021 Order [5] ordering Plaintiff to file a statement and show cause why the case should not be dismissed for lack of standing. In support thereof, Plaintiff states as follows:

**BACKGROUND**

1. On December 18, 2020, Plaintiff filed a class action lawsuit ("State Court Action") under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k *et al*. against Defendant ITX Healthcare, LLC ("ITX") [1-1].

2. The State Court Action was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. [1-1].

3. ITX received notice of this lawsuit on January 8, 2021, when it was served with a copy of the State Court Action. [1 at ¶ 2].

4. Plaintiff did not allege facts relating to standing in the State Court Action: there is no allegation present in the State Court Action that the Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation, much less any factual support alleged in support of the same. [1-1].

1

5. Plaintiff does not intend to amend her State Court Action to allege facts relating to standing.

6. On February 8, 2021, ITX filed a Notice of Removal in the United States District Court For the Northern District of Illinois, Eastern Division. [1].

7. On February 9, 2021, the Court entered a minute entry providing in part that ". . . By February 24, 2021, Plaintiff must file a statement and show cause why the case should not be dismissed for lack of standing. A failure to comply may lead to dismissal." [5].

8. Plaintiff submits that, to establish federal subject-matter jurisdiction, it is *Defendant*—as the party seeking removal—that must show that the Plaintiff has Article III standing—specifically, that she suffered an injury beyond a statutory violation, and not the Plaintiff.

9. Plaintiff also submits that, should standing not be found, that § 1447(c) requires that this case be remanded back to state court because it does not satisfy Article III's requirements, rather than dismissed as indicated in the Minute Entry [5].

## ARGUMENT

10. ITX has removed the action to federal court, *see* 28 U.S.C. § 1441(a), arguing that the district court has federal-question jurisdiction because the claim arose under a federal statute. [1 at ¶ 5].

11. ITX concurrently asserts that "By filing this Notice of Removal, ITX does not waive any jurisdictional objection or other defense that is or may be available to it." [1 at ¶ 11].

12. ITX cannot have it both ways by asserting, while reserving the right to disavow, federal jurisdiction.

13. Notably, Plaintiff did not choose a federal forum; instead, she filed her case in state court—specifically, the Circuit Court of Cook County.

14. As the party invoking federal jurisdiction, it is ITX that has to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (cert. denied) ("the party seeking removal" must establish federal jurisdiction). *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

15. According to mandatory precedent, then, it is thus the Defendant, and not the Plaintiff, that bears the burden of establishing standing. This is especially true as Plaintiff did not purport to allege actual damages or any other actual injury beyond the statutory violation, and does not do so now. See *Thornley v. Clearview AI, Inc.*, 2021 U.S. App. LEXIS 1006, *19-20 (7th Cir. 2021) ("Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.").

16. As it is Defendant's position that Article III standing exists, and not that of Plaintiff, Plaintiff respectfully submits that Defendant should present its basis for filing its Notice of Removal in connection with the State Court Action, as opposed to the Plaintiff, who never

asserted the existence of Article III standing in the first place. Plaintiff did not choose this forum, Defendant did.

17. Further, the Minute Entry entered on February 9, 2021 provided that, should Plaintiff not comply with the Court's Order to file a statement and show cause why the case should not be dismissed for lack of standing, "A failure to comply may lead to dismissal." [5].

18. Plaintiff respectfully submits that, rather than dismiss the instant claim from federal court if standing is not found, 28 U.S.C. § 1447(c) requires the district court to return this case to state court should Defendant not establish subject-matter jurisdiction, which includes Article III standing.

19. Indeed, § 1447(c) requires a district court to remand this case to state court if it does not satisfy Article III's requirements, rather than dismiss. *Collier v. SP Plus Corp.*, No. 17-2431, 889 F.3d 894, 896 2018 U.S. App. LEXIS 12454, 2018 WL 2186786, at *2 (7th Cir. May 14, 2018) ("§ 1447(c) makes clear that the district court must remand the case to state court if "at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction."); *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.,* 23 F.3d 1134, 1142 (7th Cir. 1994); *see also McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded rather than dismissed" under § 1447(c)); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Res.*, 876 F.2d 1051, 1053-54 (1st Cir. 1989) (concluding § 1447(c) requires district court to remand, not dismiss, for lack of standing).

20. Respectfully, based on the foregoing precedent, the Court erred in ordering Plaintiff to show standing, and further indicating that it would dismiss the instant case if he did not.

4

21. Under federal procedural law, a court may modify or vacate an interlocutory order at any time before final judgment. *See Solis v. Current Dev. Corp.,* 557 F.3d 772, 780 (7th Cir. 2009) (district court has "broad discretion to revisit its interlocutory orders").

22. Based on the foregoing, Plaintiff thus respectfully requests that this Court vacate the Order entered on February 9, 2021, which orders that a) Plaintiff file a statement to evidence standing, and b) that indicates that the case will be dismissed if she does not do so.

WHEREFORE, Plaintiff respectfully requests that this Court vacate the Order entered on February 9, 2021 [5], which orders that a) Plaintiff file a statement to evidence standing, and b) that indicates that the case will be dismissed if she does not do so.

**The Law Office of M. Kris Kasalo, Ltd.**  By: /s/ *Mario Kris Kasalo*
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, hereby certify that on February 23, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: February 23, 2021**     Respectfully submitted,

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo