IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY VELA, on behalf of herself and a class, | ) ) ) |
| PLAINTIFF, | ) Case No. 21-cv-703 ) |
| v. | ) Hon. Steven C. Seeger ) |
| ITX HEALTHCARE, LLC, | ) ) |
| DEFENDANT. | ) |

### PLAINTIFF'S STATEMENT

1. On December 18, 2020, Plaintiff filed a class action lawsuit ("State Court Action") under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692k *et al*. against Defendant ITX Healthcare, LLC ("ITX") [1-1].

2. The State Court Action was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. [1-1].

3. ITX received notice of this lawsuit on January 8, 2021, when it was served with a copy of the State Court Action. [1 at ¶ 2].

4. Plaintiff did not allege facts relating to standing in the State Court Action: there is no allegation present in the State Court Action that the Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation, much less any factual support alleged in support of the same. [1-1].

5. Plaintiff does not intend to amend her State Court Action to allege facts relating to standing.

6. On February 8, 2021, ITX filed a Notice of Removal in the United States District Court For the Northern District of Illinois, Eastern Division. [1].

1


7. On February 9, 2021, the Court entered a minute entry providing as follows:

MINUTE entry before the Honorable Steven C. Seeger: The Court reviewed the complaint, which advances a claim under the Fair Debt Collection Practices Act. Plaintiff basically alleges that she incurred a debt (apparently owed to Northwestern Medicine) that she could not pay, and the debt went into default. Defendant ITX Healthcare, a debt collector, later sent her a collection letter. The letter disclosed that ITX Healthcare was attempting to collect a debt, and that it had "received [her] account from Northwestern Medicine." See Cplt., at para. 17 (Dckt. No. 1-1, at 7 of 13). Plaintiff "believed that ITx Healthcare was a medical provider," and that it was "attempting to collect a medical debt from her that it owned." The Court has serious questions about whether Plaintiff has suffered an injury in fact and thus has standing under the Seventh Circuit's recent case law. See, e.g., Nettles v. Midland Funding LLC, 2020 WL 7488610 (7th Cir. 2020) (addressing standing under the FDCPA); Bazile v. Fin. Sys. of Green Bay, Inc., 2020 WL 7351092 (7th Cir. 2020) (same); Spuhler v. State Collection Service, Inc., 2020 WL 7351098 (7th Cir. 2020) (same); Brunett v. Convergent Outsourcing, Inc., 982 F.3d 1067 (7th Cir. 2020) (same); Gunn v. Thrasher, Buschmann & Voelkel, PC, 982 F.3d 1069 (7th Cir. 2020) (same); Larkin v. Fin. Sys. of Green Bay, Inc., 982 F.3d 1060 (7th Cir. 2020) (same). It is unclear how, exactly, Plaintiff allegedly suffered an injury in fact. The complaint alleges that Plaintiff received a letter, and that an "unsophisticated consumer would believe the Letter was attempting to collect a debt owned by ITx Healthcare." But in reality, the "current creditor of the alleged debt is not ITx Healthcare." So the theory seems to be that the letter suggested that ITx Healthcare was the creditor, but in reality, it was not the creditor. Even so, it does not appear that Plaintiff acted on the letter to her detriment in any way. She does not allege that she paid a debt that was not owed, or paid a debt prematurely, or did anything else that caused an injury. Maybe Plaintiff was confused, but confusion doesn't count. In particular, in Brunett, the Seventh Circuit held that "the state of confusion is not itself an injury." See Brunett, 982 F.3d at 1068. Confusion is a part of life; it is not an injury in fact. "If it were, then everyone would have standing to litigate about everything." Id. The fact that "[Plaintiff's] confusion led [him] to hire a lawyer does not change the evaluation." Id.; see also id. ("A desire to obtain legal advice is not a reason for universal standing."). Simply put, "[t]alk is cheap, but where's the concrete harm?" Id. By February 24, 2021, Plaintiff must file a statement and show cause why the case should not be dismissed for lack of standing. A failure to comply may lead to dismissal. [5].

8. Plaintiff submits that, to establish federal subject-matter jurisdiction, it is *Defendant*—as the party seeking removal—that must show that the Plaintiff has Article III standing—specifically, that she suffered an injury beyond a statutory violation, and not the Plaintiff.

9. Nonetheless, Plaintiff does not purport to have alleged any facts in support of Article III standing.

2

10. Plaintiff submits that § 1447(c) requires that this case be remanded back to state court because it does not satisfy Article III's requirements, rather than dismissed as indicated in the Minute Entry [5].

11. As the party invoking federal jurisdiction, it is ITX that has to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (cert. denied) ("the party seeking removal" must establish federal jurisdiction). *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

12. According to mandatory precedent, then, it is thus the Defendant, and not the Plaintiff, that bears the burden of establishing standing. This is especially true as Plaintiff did not purport to allege actual damages or any other actual injury beyond the statutory violation, and does not do so now. See *Thornley v. Clearview AI, Inc.*, 2021 U.S. App. LEXIS 1006, *19-20 (7th Cir. 2021) ("Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.").

13. As it is Defendant's position that Article III standing exists, and not that of Plaintiff, Plaintiff respectfully submits that Defendant should present its basis for filing its Notice of Removal in connection with the State Court Action, as opposed to the Plaintiff, who never

3

asserted the existence of Article III standing in the first place. Plaintiff did not choose this forum, Defendant did.

14. ITX's Notice of Removal alleges no facts that could support Article III standing in this case. [1].

15. Further, the Minute Entry entered on February 9, 2021 provided that, should Plaintiff not comply with the Court's Order to file a statement and show cause why the case should not be dismissed for lack of standing, "A failure to comply may lead to dismissal." [5].

16. Plaintiff respectfully submits that, rather than dismiss the instant claim from federal court due to a lack of standing, 28 U.S.C. § 1447(c) requires the district court to return this case to state court should Defendant not establish subject-matter jurisdiction, which includes Article III standing.

17. § 1447(c) requires a district court to remand this case to state court if it does not satisfy Article III's requirements, rather than dismiss. *Collier v. SP Plus Corp.*, No. 17-2431, 889 F.3d 894, 896 2018 U.S. App. LEXIS 12454, 2018 WL 2186786, at *2 (7th Cir. May 14, 2018) ("§ 1447(c) makes clear that the district court must remand the case to state court if "at *any time* before final judgment it appears that the district court lacks subject matter jurisdiction."); *Smith v. Wis. Dep't of Agric., Trade, & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *see also McIntyre v. Fallahay*, 766 F.2d 1078, 1082 (7th Cir. 1985) ("If the case did not belong in federal court at all, it should be remanded rather than dismissed" under § 1447(c)); *Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Res.*, 876 F.2d 1051, 1053-54 (1st Cir. 1989) (concluding § 1447(c) requires district court to remand, not dismiss, for lack of standing).

4

18. Respectfully, based on the foregoing precedent, the Court erred in ordering *Plaintiff* to show standing, and further indicating that it would dismiss, rather than remand, the instant case if he did not.

19. Notwithstanding the above, Plaintiff asserts no basis that could support Article III standing in this case. This case should be remanded to the Circuit Court of Cook County, Illinois, County Department, Chancery Division.

**The Law Office of M. Kris Kasalo, Ltd.**  By: /s/ *Mario Kris Kasalo*
20 North Clark Street, Suite 3100
Chicago, Illinois 60602
tele 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## CERTIFICATE OF SERVICE

I, Mario Kris Kasalo, an attorney, hereby certify that on February 24, 2021, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: February 24, 2021**  Respectfully submitted,

By: */s/ Mario Kris Kasalo*
Mario Kris Kasalo